UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM T. HOLLIDAY,

    Plaintiff,

v.                                          Case No. 3:15cv126/MCR/CJK

THE CITY OF DETROIT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of plaintiff's complaint and prior litigation history, the court concludes that plaintiff's motion to proceed *in forma pauperis* should be denied and this case dismissed without prejudice pursuant to the three-strikes bar of 28 U.S.C. § 1915(g).

Section 1915(g), a provision of the *in forma pauperis* statute, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Holliday v. McNeil*, No. 4:09-cv-182-SPM-WCS, 2010 WL 2697053 (N.D. Fla. July 7, 2010) (dismissing plaintiff's prisoner civil rights case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and noting that the case was plaintiff's third dismissal under § 1915(e)(2), which subjected him to future application of § 1915(g)'s three-strikes bar); *see also Holliday v. Warden*, Case No. 4:10-cv-264-WS-WCS, Docs. 4, 8 (N.D. Fla. Sept. 13, 2010) (citing plaintiff's previous dismissals that qualify as strikes, and dismissing case under three-strikes bar); *Holliday v. Dep't. of Corr.*, Case No. 1:14-cv-1-MP-GRJ, Docs. 3, 4 (N.D. Fla. Feb. 18, 2014) (dismissing case under three-strikes bar). Accordingly, plaintiff may

not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*.

Plaintiff's complaint is devoid of any allegations suggesting he is under imminent danger of serious physical injury. Plaintiff complains that (1) in 2001 and 2002, one or more Detroit police officers participated in a plot to "entrap Holliday in prison"; (2) in 2004 and 2005, plaintiff was denied due process by the "Escambia County Chief Jailer"; (3) plaintiff's 2005 Florida judgment of conviction is unconstitutional; (4) plaintiff was denied due process in his Florida postconviction proceeding; and (5) prison officials at Taylor CI tampered with plaintiff's legal mail during his state postconviction proceedings. Plaintiff's complaint as a whole does not allege facts showing that plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement at Gulf Correctional Institution. Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

2. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida this 27th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).